## UNITED STATES *v.* BAER.

*(Circuit Court, S. D. New York. December 7, 1880.*

1. PERJURY—DEPOSITION—OATH—EVIDENCE—NEW YORK STATUTES.

Upon a trial for perjury, for having sworn falsely as to the truth of a certain deposition, the notary, who administered the oath in the state of New York, testified that there was but one legal form of administering an oath in the state, and that such form was, "Do you solemnly swear that the above affidavit subscribed by you is true, in the presence of the ever-living God;" that he "used that form substantially," but did not know whether he "put in the presence of the ever-living God;" but that he was "a little conscientious about that," and "a little careful about using it." *Held*, upon a motion for a new trial, that this testimony of the notary, coupled with the certificate given at the time to the effect that the affidavit was sworn to before him, was sufficient evidence to sustain a finding that an oath was administered to the accused.—[ED.

Indictment. Motion for New Trial.

BENEDICT, D. J. The defendant was indicted under section 5392 of the Revised Statutes for having taken an oath before a notary public that a certain deposition subscribed by him

was true, and wilfully and contrary to said oath therein stated material matter which he did not believe to be true. Upon a trial he was convicted, and he now moves for a new trial upon the ground that there was no evidence showing that an oath was taken.

The argument made in support of the motion is based upon the assumption that the only evidence to show that an oath was administered to the accused was the testimony of the notary that he said to the accused, "Do you solemnly swear to this affidavit, and is it true?" To which the accused replied that he did, without lifting up his hand or placing his hand upon a Bible.

Upon this assumption it has been contended that, inasmuch as no appeal to God was made either by word or deed, no oath was taken. But the assumption upon which this argument rests is unfounded. In another portion of his testimony the notary testified that there was but one legal form of administering an oath in this state, and that such form was, "Do you solemnly swear that the above affidavit subscribed by you is true, in the presence of the ever-living God?" and he then testified: "I used that form substantially. I don't know as I put in the 'presence of the ever-living God.' I am a little conscientious about that. I am a little careful about using it." *Question.* "Careful to use it?" *Answer.* "Yes." This testimony of the notary, coupled with the certificate given at the time to the effect that the affidavit was sworn to before him, is sufficient evidence to sustain a finding that an oath was administered to the accused.

The notary was an officer of the state of New York before whom an oath may be taken by virtue of section 1778 of the Revised Statutes. The statute of the state regulating the form of oath to be administered by its officers is as follows:

"Section 82. The usual mode of administering oaths now practiced by the person who swears, laying his hand upon and kissing the gospels, shall be observed in all cases in which an oath may be administered according to law, except in the cases hereinafter otherwise provided.

"Section 83. Every person who shall desire it shall be permitted to swear in the following form: 'You do swear in the presence of the ever-living God;' and, while so swearing, such person may or may not hold up his hand, in his discretion."

The notary correctly stated one form of oath prescribed by the statute, and he testified without objection that the form he gave was the only legal form. This evidence, coupled with his testimony that he is careful to use that form, and his certificate that the affidavit was sworn to, must have satisfied the jury that on this occasion he used that form. No other conclusion is consistent with the finding that an oath was taken.

The question whether an oath would have been taken if a different form had been employed was not raised by the objection to the admission of the affidavit in evidence, and is not presented by the record. If the court had been requested to instruct the jury that in order to convict they must find that the notary used the words, "in the presence of the ever-living God," and the request had been refused, such refusal would have raised the question that has been argued. But no such request was made. The case was allowed to go to the jury upon the evidence of the notary that there was but one legal form of administering an oath, and his testimony as to what he did. His testimony was sufficient to warrant the jury in concluding that on the occasion in question he used the form described by him, and, the jury having so found, their finding should not be disturbed.

The motion is therefore denied.

BLATCHFORD, C. J., and CHOATE, D. J., concurred.