### UNITED STATES *v.* MALLARD.

*(District Court, D. South Carolina.* October 7, 1889.)

PERJURY—OATH.
> Defendant was indicted for perjury. The evidence showed that he made a verbal statement before a United States commissioner, and charged one B. with violating the revenue law. The commissioner reduced his statement to writing, beginning with the words, M., "being duly sworn," etc., and ending with the jurat. On being told, "If you swear to this statement, put your mark here," defendant made his mark. *Held,* that this was an oath.

Indictment for Perjury. On motion to instruct jury to acquit.
*H. A. De Saussure,* Asst. U. S. Atty.
*Samuel J. Lee,* for defendant.

SIMONTON, J. The indictment is for perjury in taking an affidavit before a commissioner. The case for the prosecution is this: The defendant went before Commissioner Lathrop, and made a verbal statement charging one Benbow with violating section 3242, Rev. St. The commissioner reduced the statement to writing, beginning with the words, "Personally appeared before me Warren Mallard, who, being duly sworn, deposes," etc., and ending with the jurat, "Sworn to before me." He then read the statement over to the defendant, asking if he could write. Upon the answer of the defendant that he could not write, the commissioner said to him, "If you swear to this statement, put your mark here." The defendant put his mark. The indictment charges that the defendant was "duly sworn." Does this evidence sustain the charge? There is no form prescribed in this state in which an oath must or may be administered; nor do the acts of congress lay down any rule on this subject. The oath may be administered on the Book, or with uplifted hand, or in any mode peculiar to the religious belief of the person sworn, or in any form binding on his conscience. 1 Greenl. Ev. § 371. The underlying principle evidently is that whenever the attention of the person who comes up to swear is called to the fact that the statement is not a mere asseveration, but must be sworn to, and, in recognition of this, he is asked to do some corporal act, and does it, this is a statement under oath. And this, without kissing any book, or raising his hand, or doing any religious act. Compare *United States* v. *Baer,* 18 Blatchf. 493,

6 Fed. Rep. 42. In the case at bar the commissioner, after reducing to writing the verbal statement of the defendant, read it over to him, with the preface and conclusion, both stating that it was sworn to. He then said to defendant, "If you swear to the truth of this statement, put your mark." Defendant put his mark. This was an oath. Motion overruled.