PHILLIPS J. GREENE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 16, 1899—Rehearing denied December 7, 1899.*

1. COURTS—*right of a superior or circuit judge to preside in criminal court of Cook county.* A judge of the superior or circuit court of Cook county is authorized to preside in the criminal court although not previously designated by the judges of the circuit and superior courts for that duty, under section 26 of article 6 of the constitution, providing for the holding of such court by such judges, as nearly as may be in alternation, as may be determined by them.

2. PERJURY—*legality of appointment of master administering oath can not be questioned in perjury case.* The legality of the appointment of a master in chancery or his power to administer an oath cannot be questioned on the trial for perjury of one who, it is alleged, testified falsely before him.

3. SAME—*fact that the defendant in perjury case was sworn raises presumption that the oath was binding.* In a trial for perjury committed before a master in chancery, proof that the defendant was sworn as a witness sufficiently establishes, in the absence of proof to the contrary, that a binding oath was administered to him.

4. SAME—*conviction may be had while suit in which false testimony was given is pending.* The court may, in its sound discretion, proceed to final verdict in a trial for perjury although the case in which the false testimony was given is still pending.

5. SAME—*when perjury indictment is sufficient in averment of materiality of false testimony.* An averment in an indictment for perjury that the alleged false testimony was in a matter material to the issue is sufficient, and a preceding allegation relating to the materiality of the matter may be entirely rejected as surplusage.

6. SAME—*when false testimony is upon material issue.* In an action to foreclose a mortgage for the whole debt declared due by its holder upon non-payment of interest coupons, testimony in support of a defense that the amount of the interest was tendered to the complainant is material to the issue, and if falsely given is perjury.

7. APPEALS AND ERRORS—*objection of variance must be made below.* An objection for variance, to be available upon appeal or writ of error, either in a civil or criminal action, must be urged in the court below, since, if pointed out and insisted upon, it might have been avoided by amendment or other proofs.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

O'DONNELL & BRADY, (DELOS P. PHELPS, and MC-
KENZIE CLELAND, of counsel,) for plaintiff in error:

Jurisdiction in felony cannot be conferred by consent
if it does not by law exist.   *Harris* v. *People*, 128 Ill. 591.

A judge of the superior or circuit court of Cook county
cannot preside in the criminal court unless previously
assigned to that duty by the judges.  Const. sec. 26, art. 6.

Falsity and materiality of facts must appear in an
indictment for perjury.   3 Wharton on Crim. Law, secs.
22, 28, 29, 32, 48, 63; *Morrell* v. *People*, 32 Ill. 500.

The indictment must fully advise the accused of all
the material facts relied upon to establish his guilt, and
if it fails to do so it is fatally defective.   *Kerr* v. *People*,
42 Ill. 308.

The facts must appear on the face of the indictment,
or it must aver that the matter sworn to was material.
If it simply avers it was material it must be proved on
the trial.   2 Chitty on Crim. Law, 305; *Pollard* v. *People*,
69 Ill. 153.

Where the false swearing charged is evidence given
in a cause, then the previous evidence and state of the
cause, or so much of it as shows the matter sworn to was
material, must be proved.   3 Starkie on Evidence, 1143;
*Young* v. *People*, 134 Ill. 41.

An indictment for perjury must show conclusively
that the testimony given by the defendant was material
to the issue.   Roscoe on Crim. Evidence, 849, 851, 852,
note 2; *State* v. *Chandler*, 42 Vt. 446.

Where the testimony upon which perjury is assigned
is evidence on a trial, and particularly a deposition,
the whole of that evidence on the former trial should be
proved.   *Rex* v. *Jones*, Peake's N. P. C. 38; *Rex* v. *Dowlin*,
id. 227; 2 Chitty on Crim. Law, (2d ed.) 312; 5 T. R. 311;
*Young* v. *People*, 134 Ill. 41.

A prosecution for perjury alleged to have been com-
mitted in a civil action cannot be instituted until after
final judgment in such action.   *Commonwealth* v. *Dickinson*,

3 Clark, 164; Wharton on Crim. Law, sec. 2280; 3 Russell on Crimes, 76, 77; *Bullock* v. *Koon,* 4 Wend. 535.

. E. C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, HAYNIE R. PEARSON, C. A. HILL, and B. D. MONROE, of counsel,) for the People:

Upon motion in arrest of judgment no point can be made of lack of proofs or of variance between the proofs and the indictment. 1 Chitty on Crim. Law, 661; *State* v. *Graham,* 15 Rich. 310; *State* v. *Syphrett,* 27 S. C. 29; *Heward* v. *State,* 13 S. & M. 261; 1 Bishop on Crim. Proc. sec. 1285.

Any judge of the superior court of Cook county has power to preside over a branch of the criminal court, in his discretion. Const. art. 6, sec. 26; *Mitchell* v. *People,* 70 Ill. 138; *Jones* v. *Albee,* id. 34; *Railway Co.* v. *Railroad Co.* 112 id. 589; *Wadhams* v. *Hotchkiss,* 80 id. 437; *Berkowitz* v. *Lester,* 121 id. 99; *Waller* v. *Tully,* 75 id. 576; *Cahill* v. *People,* 106 id. 621; *People* v. *Banks,* 24 id. 184; *Railroad Co.* v. *Horst,* 93 U. S. 291; 12 Am. & Eng. Ency. of Law, 23; *Nudd* v. *Burrows,* 91 U. S. 426; *Beardsley* v. *Littel,* 14 Blatch. 102.

A witness may, in the discretion of the court, be tried for perjury before the conclusion of the civil cause in which it was committed. *Commonwealth* v. *Dickinson,* 3 Pa. L. J. 164; *United States* v. *Pettus,* 84 Fed. Rep. 791; *People* v. *Hayes,* 140 N. Y. 484.

The indictment sufficiently alleged that the false testimony was material. An averment that the testimony was given in a matter material to the issue is sufficient, without any recital of facts going to show its materiality. *Pollard* v. *People,* 69 Ill. 148; *Kimmel* v. *People,* 92 id. 457; 2 Bishop on Crim. Proc. 921; *Williams* v. *State,* 68 Ala. 551; *Dilcher* v. *State,* 39 Ohio St. 130; *People* v. *Brilliant,* 58 Cal. 214; *Gandy* v. *State,* 23 Neb. 236.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Plaintiff in error was found guilty of the crime of perjury in the criminal court of Cook county, at its August term, 1898, and after overruling the motion for new trial

and in arrest of judgment the court sentenced him to the penitentiary. To reverse that judgment this writ of error has been sued out.

The accusation is, that in a certain foreclosure proceeding, the evidence being taken before a master in chancery, it became a material inquiry whether or not "the defendant, in the month of October, 1897, tendered to VanVlissingen, trustee, a certain sum of money remaining due upon an interest coupon, and that he, being duly sworn, then and there, in a matter material to the issue of said cause, as aforesaid, did feloniously, willfully, corruptly and falsely swear and testify, among other things, in substance as follows,"—setting out the alleged false testimony.

A great many assignments of error are made upon the record, and many questions are raised in the arguments of counsel for plaintiff in error. It is first insisted that Judge Payne, who presided at the trial, was without jurisdiction, and the only ground of the contention is, that he had not been assigned as a judge to the said criminal court by the judges of the circuit and superior courts of Cook county for that year, others being so appointed to that duty. No objection whatever was made to the fairness and impartiality of the judge, nor was there any intimation whatever that a fair and impartial trial could not be had before him as well as before either of the judges who had been assigned to duty in that court. It also appears, though not materially, as we regard the case, that a necessity existed for calling in a judge not assigned, each of them being so engaged at the time as to be unable to hear the case. The position is, that under section 26 of article 6 of the constitution a judge not selected for duty in the criminal court of Cook county has no jurisdiction in that court. That section, after providing for the continuance of the recorder's court of the city of Chicago as the "criminal court of Cook county," defining its jurisdiction, etc., says: "The terms of said crimi-

nal court of Cook county shall be held by one or more of
the judges of the circuit or superior court of Cook county,
as nearly as may be in alternation, as may be determined
by said judges or provided by law. Said judges shall be
*ex officio* judges of said court." It is not denied that Judge
Payne was one of the judges who, by the terms of the
constitution, were authorized to hold said criminal court,
nor that he was one of the judges who, by its language,
were *ex officio* judges of that court. We think it too clear
for argument that his powers and jurisdiction in that
court did not depend upon whether or not the several
judges of the circuit and superior courts had designated
him for that duty. The language, "as nearly as may be
in alternation, as may be determined by said judges," is
inserted in the section not for the purpose of conferring
or determining who shall have jurisdiction to hold the
court, because that is expressly stated in the other lan-
guage of the section,—that is, the terms shall be held by
any of the judges of the circuit or superior court, all of
whom are *ex officio* judges of that court,—and the desig-
nation of certain of those judges is merely a regulation
for the convenience of the judges themselves.

It is next objected that the master in chancery who
administered the oath to the defendant at the time it is
alleged he gave the false testimony had no authority to
do so. This contention is based upon the fact that he
was appointed to succeed himself as such master by all
the superior judges of the county sitting together, where-
as the appointment should have been made by one, only,
and that his bond was approved by a single judge; and
it is said that either the appointment or the approval
of the bond was fatally defective. We do not think the
point is well taken; but if it be conceded, still it is clear
that he was acting in the capacity of master in chancery
at the time, and therefore his authority to administer the
oath cannot be questioned in this proceeding. 2 Wharton
on Crim. Law, sec. 217; *Morrell* v. *People,* 32 Ill. 499.

In this connection it is also said that there was no evidence upon the trial that a proper oath was administered. It does appear that the defendant, previous to testifying before the master, was sworn by him as a witness. This, in the absence of proof to the contrary, sufficiently establishes that a binding oath was administered to him. The form of the oath was immaterial. *Gill* v. *Caldwell*, Breese, 53; *McKinney* v. *People*, 2 Gilm. 540.

It is urged that the trial for perjury could not be legally had until the foreclosure suit in which it is alleged the false testimony was given had been disposed of. This position is also untenable. In practice, the prosecution for perjury is frequently continued until the proceeding in which the perjury is charged to have been committed has been ended. But it is a rule of convenience, only, and the court trying the criminal charge may, in its sound discretion, proceed to final verdict, notwithstanding the other case is still pending. *People* v. *Hays*, 140 N. Y. 484.

It is argued at some length that there was a variance between the allegations of the indictment, as to the parties between whom issues were formed in the foreclosure proceeding, and the proofs. This position is based upon the fact that the record in the foreclosure proceeding, introduced in evidence on this trial, showed that certain of the defendants were defaulted, whereas the allegation in the indictment is that issues were formed as to all the parties. Without wishing to be understood as holding that there was in this record a material variance, it is sufficient to say that the question was not raised upon the trial and hence cannot be urged here. Nothing is better settled than that the objection of variance, to be available upon appeal or writ of error, either in a civil or criminal action, must be urged in the court below, and for the reason that if it is pointed out and insisted upon it may be avoided by amendment or other proofs. (*Clay* v. *People*, 86 Ill. 147; *McKinney* v. *People*, *supra*.) Authori-

ties cited by counsel for plaintiff in error in no way militate against this well established rule.

The next point made is, that the matter alleged as perjury was not material to the issue, as shown by the indictment and by the testimony. The averment in the indictment is, that the defendant, "to-wit, on the said 13th day of March, in the year of our Lord 1898, in said county of Cook, in the State of Illinois, aforesaid, on the hearing of said cause as aforesaid, where by law an oath or affirmation was then and there required, as aforesaid, in a matter material to the issue of said cause, as aforesaid, did feloniously, willfully, corruptly and falsely swear and testify, among other things, in substance as follows, to-wit: I told Harry F. Williams, on the 22d day of October, 1897, that I had not signed certain orders, and that I had his interest money for him and that he could have it. He said he was there for the purpose of getting the money. I had on the 22d day of October, 1897, $1030 that had just been paid to me by J. Aaron Adams, 145 LaSalle street. I put my hand in my pocket and pulled out a $20 bill and a $5 bill and handed him the money. He said: 'I cannot take that unless you give me the insurance money.' He said, 'VanVlissingen will call you up by telephone.' Mr. Williams said, 'I cannot take the interest; we ought to have the money for the insurance with the orders signed.' I said, 'I will place my own insurance.' This gentleman, Crafts W. Higgins, was there present at the time of the said conversation. There was $1000 and six months' interest, amounting to $1030. I put $20 and $5 with it. That made $1055,—the money I told Mr. Williams to take. There never was a direct demand for the interest money alone. Williams said he came to get the interest and insurance money. He said on the 22d of October, 1897, in my office, that he wanted the interest and insurance money. I said, 'There is your money —there is your interest money.' I pushed it towards him and said, 'Take your money.' It was on the leaf of my

desk. Crafts W. Higgins was sitting at the end of my desk in a chair. It would be the west end as you come in from LaSalle street. I had $1030. It was all there together. I said, 'There is your money; take it.' There was $1055. I pushed it to him and said, 'Take your money to VanVlissingen.' I stated to Williams the amount of money that was in the roll."

The contention seems to be that the alleged false testimony set out does not show any connection between Williams, the party to whom the defendant swore he offered the money, and VanVlissingen, the trustee, and therefore, it is said, testimony showing the offer to Williams was immaterial to the issue. The indictment is subject to the criticism of being unnecessarily voluminous, but we think it complies with the rules of criminal pleading, in cases of perjury, in its allegations as to the materiality of the alleged false testimony. The rule is, that an indictment for perjury must show that the matter sworn to, assigned as perjury, was material. But this need not be by setting out the testimony. It may be done by an express averment to that effect. (*Pollard* v. *People*, 69 Ill. 148; *Kimmel* v. *People*, 92 id. 457.) The averment in this indictment that the false testimony was in a matter material to the issue makes it good, and the preceding allegation, to the effect that it became a material inquiry whether or not the defendant tendered the money to VanVlissingen, may be entirely rejected as surplusage. (1 Bishop on New Crim. Proc. sec. 482.) The technical precision formerly required in indictments for perjury has been, to a considerable extent, dispensed with by the provisions of our statute. (Rev. Stat. chap. 38, sec. 227.)

We also think the evidence, taken as a whole, clearly tended to prove that the alleged false testimony was upon a matter material to the issues between the parties. As stated, the foreclosure proceeding was upon a trust deed given by one O'Donohue and wife to Peter VanVlissingen, trustee, to secure O'Donohue's note for $56,000,

due in five years, with interest at five and one-half per cent, and ten interest coupons for $1540 each. The trust deed provided that for a failure to pay any one of the interest notes the trustee might declare the whole mortgage debt due and proceed to foreclose. The defendant claimed to have become the owner of the mortgaged premises. The bill alleged a failure to pay one of the interest coupons then past due, for which default the complainant had elected to declare the principal sum due. The defendant, by his answer, after alleging his ownership of the premises, alleged that he tendered to the trustee, for the use of the holder of the mortgage, the full sum remaining due on said interest coupon, which he had refused to accept. With the answer he brought the money into court, and denied that complainant was entitled to any of the relief prayed. The testimony, to our minds, clearly established the fact that no tender or offer to pay said interest was made by him, but does establish that the defense was a false and ficticious one, gotten up by him and others whom he engaged in the scheme which he attempted to carry out by falsely swearing to the tender. How it can be said, under the issues in this case, that the testimony was immaterial we are unable to perceive. If it had been true and the tender been established by the proof it would certainly have defeated the complainant's right to relief upon the bill.

Criticism is made upon instructions given on behalf of the People, and in the ruling of the court in refusing to give certain instructions asked on behalf of the defendant. Many of the points made upon this branch of the case we can but regard as extremely technical, and do not deem it necessary to say more than from a consideration of the entire charge to the jury we are able to discover no substantial error.

The judgment of the criminal court will be affirmed.

*Judgment affirmed.*