### EPSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1912.)

No. 1,784.

**1. JUDGES (§§ 39, 47*)—DISQUALIFICATION—"CONCERNED IN INTEREST"—"OF COUNSEL."**

Rev. St. § 601 (U. S. Comp. St. 1901, p. 484), provides that if the judge of any District Court is in any way concerned in interest in any suit pending therein, or has been of counsel for either party, it shall be his duty, on application by either party, to certify the case to another court. The judge before whom defendant was brought for trial on an indictment for suborning a witness at a hearing in bankruptcy to commit perjury, while conducting a hearing in a bankruptcy case to discover assets, appeared to be angry and said in the presence of accused: "This is a nasty piece of business. This estate has been looted by some one"—and then turned to an officer of the court and directed that he use what was left of the estate, even to the last penny, to investigate the matter, and if any one, whoever he might be, had committed any act that could be reached and punished under the law, to institute proceedings against him. *Held*, that the judge merely performed his duty to direct an official inquiry of what appeared to be a criminal offense, and did not thereby become disqualified to try accused therefor, as being either "concerned in interest" or "of counsel" for the prosecution.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 184–186, 214–219, 222, 223; Dec. Dig. §§ 39, 47.*

For other definitions, see Words and Phrases, vol. 2, pp. 1384–1386; vol. 6, p. 4914.]

**2. PERJURY (§ 2*)—SUBORNATION OF "PERJURY"—BANKRUPTCY PROCEEDINGS.**

Rev. St. § 5392, brought forward as Pen. Code, § 125 (Act March 4, 1909, c. 321, 35 Stat. 1111 [U. S. Comp. St. Supp. 1909, p. 1427]), declares that whoever, having taken an oath before a competent tribunal, officer, or person in any case in which a law of the United States authorizes an oath to be administered, that he shall testify truly, etc., shall willfully and contrary to such oath state any material matter which he does not believe to be true, is guilty of perjury and shall be fined not more than $2,000 and imprisoned not more than five years. Section 5393 provides that whoever procures another to commit perjury is guilty of subornation of perjury and punishable as prescribed in the preceding section. Bankr. Act July 1, 1898, c. 541, § 29, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), provides that a person shall be punished by imprisonment for not to exceed two years on conviction of having knowingly and fraudu-

---

lently made a false oath in or in relation to any proceeding in bankruptcy. *Held*, that false swearing in bankruptcy proceedings, constituted "perjury," within sections 5392, 5393, Bankr. Act 1898, § 29, being regarded merely as changing the punishment for perjury committed in bankruptcy proceedings; and hence suborning a witness at a hearing in bankruptcy to commit perjury constituted an offense within sections 5392, 5393.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. § 2; Dec. Dig. § 2.*
For other definitions, see Words and Phrases, vol. 6, pp. 5305–5310; vol. 8, p. 7751.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Hyman Epstein was convicted of suborning a witness at a hearing in a bankruptcy proceeding to commit perjury, and he brings error. Affirmed.

Benjamin C. Bachrach, for plaintiff in error.
James H. Wilkerson and Harry A. Parkin, for the United States.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error was convicted of suborning a witness at a hearing in a bankruptcy proceeding to commit perjury.

A most flagrant case on the part of a member of the bar in corrupting a witness was completely presented in the indictment, amply sustained by the evidence, and fully and fairly submitted to the jury by the charge of the judge. Assignments of error with respect to indictment, variance, and charge need no specific attention. Two questions remain that require statement and answer.

[1] I. Section 601 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 484) provides that if "the judge of any District Court is in any way concerned in interest in any suit pending therein, or has been of counsel for either party, * * * it shall be his duty, on application by either party, to cause the fact to be entered on the records of the court," and to certify the case to another court.

Plaintiff in error filed an affidavit in which he alleged that the judge was conducting a hearing in a bankruptcy case for the purpose of discovering assets; that at the conclusion of the hearing the judge appeared to be angry and said in the presence and hearing of affiant, "This is a nasty piece of business; this estate has been looted by some one;" that the judge then turned to a gentleman standing at the bar and said, "Use what is left of this estate, even to the last penny, to investigate this matter, and if any one, whoever he may be, has committed any act that can be reached and punished under the law, institute proceedings against him."

On this it is asserted that the judge was "concerned in interest" in the case, and became "of counsel" for the prosecution. Official duties of the trial judge include his instructions to grand juries to investigate alleged violations of law, which may be brought to their attention by the district attorney or otherwise, and of whose actual existence the judge personally knows nothing. If in the course of official busi-

ness in court the judge sees that an offense against the Penal Code has been or is being committed, does his official duty require him to ignore the matter? No, we say. For him to fail to direct an investigation to be made would be not merely an abandonment of his post as a minister of the law, but as well an implied approval or condonation of the offense. To direct a prosecuting officer (and presumably the "gentleman standing at the bar" was an officer who pursued the inquiry which resulted in the indictment) to inquire into a matter occurring in court, certainly no more than charging a grand jury, makes the judge "concerned in interest" or "of counsel" for the prosecution within the meaning of section 601. The Richmond (C. C.) 9 Fed. 863.

[2] II. No one can be guilty of subornation of perjury unless some one is guilty of perjury.

Sections 5392 and 5393 (brought forward as sections 125 and 126 of the Penal Code of 1909 [Act March 4, 1909, c. 321, 35 Stat. 1111 (U. S. Comp. St. Supp. 1909, p. 1427)]) read as follows:

"125. Whoever, having taken an oath before a competent tribunal. officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than two thousand dollars and imprisoned not more than five years.

"126. Whoever shall procure another to commit any perjury is guilty of subornation of perjury, and punishable as in the preceding section prescribed."

Section 29 of the Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]) provides:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently * * * made a false oath or account in, or in relation to, any proceeding in bankruptcy."

In the Bankruptcy Act no denunciation or punishment is found for one who suborns another to make "knowingly and fraudulently a false oath or account in, or in relation to, any proceeding in bankruptcy." Therefore, the argument runs, Congress in enacting section 29 of the Bankruptcy Act took out from the definition of perjury as given in the earlier section 5392 the making of a false oath in a bankruptcy proceeding; and since section 5393 covers only those who procure others to commit "perjury" as defined in section 5392, and since subornation of false swearing in bankruptcy proceedings is nowhere specifically condemned, Congress intended that such subornation might be indulged in with impunity.

In our judgment false swearing in bankruptcy proceedings is perjury, nothing more or less. Section 5392 (section 125 of the Penal Code) clearly covers that and every other way of committing the crime. Section 29 of the Bankruptcy Act simply singles out that one form for a milder punishment. Two sections cover the offense, one generically, the other specifically. So the specific section has effect only in restricting punishment. Combined, the effect is exactly as if

there were only one section denouncing and punishing perjury, as follows:

Whoever, having taken an oath * * * shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than $2,000 and imprisoned not more than five years: Provided, that if the perjury be committed in a bankruptcy proceeding the guilty person shall be punished by being imprisoned not more than two years.

And upon this, which is the legal effect of the two sections, there would be no room for claiming that section 5393 (section 126 of the Penal Code) does not embrace subornation of every sort of perjury. Compare Wechsler v. United States, 158 Fed. 581, 86 C. C. A. 37.

The judgment is affirmed.