### HOLY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 16, 1921.)

#### No. 2887.

Perjury ⊂⟹10, 34 (1)—Form of oath immaterial; conviction may be based on testimony of single witness, supported by documentary evidence.

A conviction of perjury may be based on the testimony of a single witness, though contradicted, supported by documentary evidence, and if the defendant was sworn the oath need not be in any particular form.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against George Holy. Judgment of conviction, and defendant brings error. Affirmed.

Fred Holy, for plaintiff in error.
John B. Boddie, of Chicago, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error was convicted of perjury in swearing in his application for a position in the civil service that he had never been indicted for or convicted of any crime, when in truth he had been indicted and convicted and had served a sentence for receiving stolen property.

At the trial the government introduced in evidence the record of plaintiff in error's conviction, his application to the civil service commission, and the testimony of the notary public, whose jurat and seal are upon the application:

"That defendant appeared before me and swore to the application. I asked him if he swore to it, and he said he did; and thereupon I subscribed my name and affixed my seal."

A conviction of perjury may be based upon the testimony of a single witness supported by documentary evidence; and, if the defendant was sworn, the oath need not be in any particular form. United States

v. Baer (C. C.) 6 Fed. 42; United States v. Mallard (D. C.) 40 Fed. 151, 5 L. R. A. 816; United States v. Hall (D. C.) 44 Fed. 864, 10 L. R. A. 324; Greene v. People, 182 Ill. 278, 55 N. E. 341.

On cross-examination the notary said that, "if it had not been for my having my signature there, and my seal, I wouldn't have remembered anything about it." This, so far from destroying his testimony in chief, meant that the presence of his signature and seal on the document refreshed his memory.

Plaintiff in error's contentions that, because he and another testified that he was not sworn by the notary, therefore guilt was not proven beyond a reasonable doubt, and that, because the notary did not use the formula prescribed by an Illinois statute, there was merely an abortive attempt to administer an oath, arise from a misconception of Federal procedure. Applebaum v. United States (C. C. A.) 274 Fed. 43.

The judgment is affirmed.