## HAMMER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 2, 1925.)

### No. 217.

**1. Perjury ⬀2—False swearing in bankruptcy proceedings is "perjury."**

False swearing in bankruptcy proceedings is "perjury," within the meaning of Criminal Code, § 125 (Comp. St. § 10295); Bankruptcy Act, § 29b (Comp. St. § 9613), merely changing the punishment for perjury committed in, or in relation to, bankruptcy proceedings.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perjury.]

**2. Perjury ⬀13—Subornation statute embraces subornation of every sort of perjury.**

Criminal Code, § 126 (Comp. St. § 10296), embraces subornation of every sort of perjury.

**3. Bankruptcy ⬀242(2)—False testimony given by bankrupt may be introduced in prosecution for perjury.**

The provision of Bankruptcy Act, § 7a (9), being Comp. St. § 9591, that no testimony given by a bankrupt on his examination "shall be offered in evidence against him in any criminal proceeding," does not give him immunity from prosecution for giving false testimony on such examination, and in such prosecution the alleged false testimony may be given in evidence.

**4. Criminal law ⬀553—Jury may found verdict on statement of single witness.**

It is the general rule of the common law that, if the jury believes the statement of a single witness, they may found their verdict upon it, even though the witness stands alone, and his testimony is contradicted by others not believed by them.

**5. Perjury ⬀34(1)—Subornation of perjury may be proved by evidence of single witness.**

At common law one cannot be convicted of perjury by the testimony of a single witness, unless there are corroborating circumstances; but such rule does not apply to subornation of perjury, which may be proved by the testimony of the suborned witness alone, if it satisfies the jury beyond a reasonable doubt.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Charles Hammer. Judgment of conviction, and defendant brings error. Affirmed.

For opinion below, see 299 F. 1011.

Robert H. Elder, of New York City (Otho S. Bowling, of New York City, of counsel); for plaintiff in error.

William Hayward, U. S. Atty., of New York City (Jac M. Wolff, Asst. U· S. Atty.,

of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The plaintiff in error, hereinafter called the defendant, was indicted, tried, and convicted upon an indictment which charged him with the commission of a crime. The indictment contained three counts. At the conclusion of the trial the defendant's counsel moved the court to direct the jury to find a verdict of not guilty on the first count, upon the ground that there was no evidence to sustain it. The motion was granted, with the admission of the counsel for the United States that there was no evidence to show guilt under that count. Thereupon a similar motion was made as to the third count, and with a like concurrence by the counsel for the United States that motion was likewise granted. The first count charged that the defendant had suborned his wife, Annie Hammer, falsely to testify before a referee in bankruptcy that she had borrowed money from one Herman Warton and one Louis H. Trinz. The third count was similar, but named the person suborned as Herman Warton.

We therefore are now concerned with the second count only, which was the count upon which the defendant was convicted. That count charged that the defendant had suborned Louis H. Trinz falsely to testify in the proceeding before the referee in bankruptcy that he had, prior to April 18, 1923, loaned to Annie Hammer the sum of $500, and that she had prior to that date signed and delivered to him her promissory note for that amount, which note was dated October 14, 1922, whereas in truth and in fact the said Trinz and the defendant well knew that the facts testified to by Trinz were untrue and that they at no time believed them to be true.

At the end of the charge to the jury the defendant's counsel preferred some eight requests to charge, and the court directed the jury as requested. The last request he made was the following:

"I request your honor to charge the jury that, this crime charged being subornation of perjury, they cannot find the defendant guilty upon the testimony of Trinz uncorroborated, or independent of facts and circumstances which tend to show that the testimony which he gave, or says he gave, before Referee Thayer was false."

Thereupon, after some colloquy, the following occurred:

"The Court: An accomplice need not be corroborated.

"Mr. Elder: It is not a question of an accomplice. I except to that. I do not want your honor to be misunderstood in this. This is not a question of an accomplice. It is the old common-law rule that in perjury and subornation of perjury the testimony of one witness that the alleged subject-matter of the perjury was false is not sufficient. The old rule was that there had to be two direct witnesses to the falsity of testimony. That has been modified by modern decisions, and now they say there has to be one direct witness to the falsity of the testimony, and corroborative circumstances which tend to support it.

"Now, I request your honor to charge that, unless there be such independent corroborative circumstances in this case, then the jury must find the defendant not guilty.

"The Court: We are agreed, but you (the jury) are not to understand, gentlemen, that the court charges you that there is no such independent corroborating testimony in this case.

"Mr. Elder: I take exception to the qualification of your honor."

Then the court asked the counsel for the United States whether he had any requests, and the following occurred:

"Mr. Wolff: I ask your honor to charge the jury the law does not require that there be corroboration of the testimony of Trinz; that if they believe what Trinz said to be the truth that is sufficient.

"The Court: There you are squarely apart.

"Mr. Elder: Yes, sir.

"The Court: Very well; the motion of the government is granted; you have a clear exception to that part of it, Mr. Elder.

"Mr. Elder: Thank You."

It thus appears that the court, at the request of defendant's counsel, charged that the jury could not find defendant guilty of subornation of perjury upon the testimony of Trinz uncorroborated, and then upon the request of the counsel for the United States as flatly instructed them that the law does not require that there be corroboration of the testimony of Trinz. This, of course, contradicted what he had just charged on the subject, and amounted to a withdrawal of his previous instruction. The question is whether the court fell into error in charging that the jury could convict the defendant of subornation of perjury on the uncorroborated testimony of Trinz.

Lord Coke defined perjury by saying that

it "is a crime committed when a lawful oath is administered, by any that hath authority, to any person in any judicial proceeding, who sweareth absolutely and falsely in a matter material to the issue or cause in question, by their own act, or by the subornation of others." 3 Ins. 164. Blackstone followed it in substance. 4 Bl. Com. 137. Perjury does not include all false declarations made under oath. See 2 Bishop's Criminal Law (9th Ed.) §§ 1014, 1197a1.

But for the courts of the United States the crime of perjury is defined in Criminal Code, § 125 (Comp. St. § 10295). It declares as follows:

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall wilfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than two thousand dollars and imprisoned not more than five years."

And the crime of subornation of perjury is defined in section 126 of the same Code (Comp. St. § 10296) as follows:

"Whoever shall procure another to commit any perjury is guilty of subornation of perjury, and punishable as in the preceding section prescribed."

[1, 2] The latter section has been held to embrace subornation of every sort of perjury. Epstein v. United States, 196 F. 354, 116 C. C. A. 174. In that case, decided by the Circuit Court of Appeals in the Seventh Circuit, it was held that false swearing in bankruptcy proceedings constituted "perjury" within sections 5392 and 5393 above set forth. And the court further held that section 29[1] of the Bankruptcy Act of 1898 (Comp. St. § 9613) merely changed the punishment for perjury committed in bankruptcy proceedings, and that therefore suborning a witness at a hearing in bankruptcy to commit perjury constituted an offense within sections 5392 and 5393. We fully concur in the conclusion reached in that case and for the reasons there stated. False swearing in bankruptcy proceedings is per-

jury, within the meaning of section 5392. And section 5393 embraces subornation of every sort of perjury.

[3] In this connection we call attention to what was held by the Circuit Court of Appeals in the Sixth Circuit in Daniels v. United States, 196 F. 459, 116 C. C. A. 233. It was there held that the provision in the Bankruptcy Act of July 1, 1898, § 7a (9), c. 541 (30 Stat. 548 [Comp. St. § 9591]), providing that no testimony given by a bankrupt on his examination "shall be offered in evidence against him in any criminal proceeding," has reference only to crimes committed previous to the giving of such testimony, and not to any criminal proceeding based on a crime inherent in the bankrupt's examination, and in a prosecution for perjury committed during the examination the alleged false testimony may be given in evidence.

This court, in the earlier case of Wechsler v. United States, 158 F. 579, 86 C. C. A. 37, passing on the provision in section 7a (9) of the Bankruptcy Act of 1898, that no testimony given by the bankrupt shall be offered in evidence against him in any criminal proceeding, held that it did not give immunity from prosecution for giving false testimony upon any such examination. It then went on to hold that the provision made in section 29b (2), providing for the punishment of any one who willfully and fraudulently made a false oath in, or in relation to, any proceeding in bankruptcy does not create a new offense, but merely prescribes a different penalty for the crime of perjury when committed in a bankruptcy proceeding. That case received very careful consideration in an opinion written by Judge Lacombe, and concurred in by Judges Coxe and Ward.

Some unguarded expressions used in the opinion of this Court in Kahn v. United States, 214 F. 54, 130 C. C. A. 494, it is said overruled the Wechsler Case. The same judges decided both cases. Judge Coxe wrote for the court in the Kahn Case and the other two judges concurred. The opinion contains no reference to the Wechsler Case, and it is not at all probable that the court would deliberately overrule that carefully considered decision and make no allusion whatever to it. We are satisfied that there was not the slightest intention on the part of any of the judges to overrule the earlier case. It is still the law of this circuit, and we adhere to it, and believe it to have been properly decided.

[4] The civil law of evidence in conti-

---

[1] It provides that a person shall be punished by imprisonment not to exceed two years who makes a false oath or account in, or in relation to, any proceeding in bankruptcy, and the indictment or information must be within one year after the commission of the offense.

nental Europe differed from the common law in material respects. It was a general rule of the civil law that one witness alone was insufficient upon any material point. But the common-law courts rejected this general rule of the civil law, and denied that the probative value of testimony was to be measured by some uniform numerical standard. They adopted instead the principle that the efficacy of testimony depended upon the character and trustworthiness of the witness; and the general rule of the common law is well established that, if the jury believe the statement of a single witness, they may found their verdict upon it, even though the witness stands alone and his testimony is contradicted by others not believed by them. 3 Wigmore on Evidence (1st Ed.) p. 2711, § 2034. It is a maxim of the law "testes ponderantur non numerantur."

But there are some exceptions to the rule that the testimony of a single witness may suffice to establish any controverted fact. The Constitution of the United States (in article 3, § 3) provides that "no person shall be convicted of treason unless on the testimony of two witnesses to the same overt act, or on confession in open court."

[5] And at common law one cannot be convicted of perjury by the testimony of a single witness unless there are corroborating circumstances. Wigmore in his work on Evidence (1st Ed.) vol. 3, p. 2721, § 2040, in laying down this rule states that it is "the single common-law exception to the doctrine that one witness alone may suffice in every case." He adds that "it is fairly clear that there was no such rule of common law until towards the first half of the 1700's." While the rule at one time was that a conviction for perjury could not be had, except upon the direct testimony of two witnesses, this has been for a long time relaxed, and it is now well established that a charge of perjury may be sustained either by the testimony of two witnesses or by that of one witness and corroborating circumstances. United States v. Coons, Fed. Cas. No. 14,-860; United States v. Jones, Fed. Cas. No. 15,491; United States v. Baer (C. C.) 6 F. 42; United States v. Mallard (D. C.) 40 F. 151, 5 L. R. A. 816; United States v. Hall (D. C.) 44 F. 864, 10 L. R. A. 324; Holy v. United States (C. C. A.) 278 F. 521; O'Leary v. United States, 158 F. 796, 86 C. C. A. 56; Hashagen v. United States, 169 F. 396, 94 C. C. A. 618; Leyer v. United States, 183 F. 102, 105 C. C. A. 394; Allen v. United States, 194 F. 664, 114 C. C. A. 357, 39 L. R. A. (N. S.) 385; Greene v. People, 182 Ill. 278, 55 N. E. 341; Peterson v. State, 74 Ala. 34; State v. Jean, 42 La. Ann. 946, 8 So. 480; Brown v. State, 57 Miss. 424; People v. Doody, 172 N. Y. 165, 64 N. E. 807.

The rule that in cases of perjury the crime is so heinous as compared with other crimes that in order to convict it is necessary that there should be at least one witness, and that he must be corroborated by circumstantial evidence, is repudiated by some of the authorities as out of harmony with our system of jurisprudence. In State v. Storey, 148 Minn. 398, 182 N. W. 613, 15 A. L. R. 629, the court held that perjury may be proved by circumstantial evidence alone. And see In re Metcalf, 8 Okl. Cr. R. 605, 129 P. 675, 44 L. R. A. (N. S.) 513; People v. Doody, 172 N. Y. 165, 64 N. E. 807.

That the rule applied to perjury is not to be applied to subornation of perjury seems to us to be clear upon reason and authority. It is true that in People v. Evans, 40 N. Y. 1, it was held that subornation of perjury may not be proven by the uncorroborated testimony of the person suborned.

In Wigmore on Evidence (2d Ed.) vol. 4, § 2042, p. 323, the rule is stated that in case of one charged with perjury a single witness suffices if corroborated. He then goes on to say that "the rule should not apply necessarily to a charge of subornation of perjury, because the act of subornation does not involve the theory of oath against oath, and the perjury may be evidenced by the perjured witness himself, whose present testimony is thus not opposed to the testimony for the prosecution."

In Bishop's Criminal Law (9th Ed.) vol. 2, § 1198, it is laid down that, "since a suborner of perjury is not charged with giving false testimony, since he does not commit his crime while testifying, his conviction requires no greater proof than does that of a thief." And in 30 Cyc. 1454, the rule is stated as follows: "The rule that under an indictment for perjury defendant cannot be convicted on the uncorroborated testimony of a single witness is not applicable to a case of subornation of perjury."

In United States v. Thompson (C. C.) 31 F. 331 (1887), Judge Deady held that the person solicited to commit perjury is not an accomplice in the crime of subornation committed by the person who suborned him, and that the fact that he committed the perjury did not prevent the jury from convicting the suborner of the solicitation on his testimony. Judge Deady held that the defendant could be found guilty of subor-

nation of perjury on the uncorroborated testimony of the person solicited to commit the perjury; the question of his credibility being for the jury.

In Boren v. United States, 144 F. 801, 75 C. C. A. 531, the Circuit Court of Appeals for the Ninth Circuit held that the rule, that under an indictment for perjury the defendant cannot be convicted on the uncorroborated testimony of a single witness, is not applicable to a case of subornation of perjury. The court in that case said:

"It is urged that there is not sufficient evidence to sustain the verdict, for the reason that the proof of each count consists of the testimony of a single witness. It is true that under indictments for perjury the generally accepted rule is that the accused cannot be convicted on the uncorroborated testimony of a single witness. The reason assigned is that the same effect is to be given to the testimony of the party accused as to that of the accusing witness, and the proof would be merely the oath of one person against that of another. The reason of the rule in the form in which it is expressed does not apply to a case of subornation of perjury such as the present case for the reason that here the testimony does not consist of the oath of one person against that of another. The testimony of each witness for the government involves, it is true, the impeachment of his own former sworn statement, but it is direct evidence against the accused as to his instigation of the perjury. We find that in People v. Evans, 40 N. Y. 1, it was held that subornation of perjury may not be proven by the uncorroborated testimony of the person suborned."

We have seen that "the contrary was held by Judge Deady in United States v. Thompson (C. C.) 31 Fed. 331. And in State v. Renswick, 85 Minn. 19, 88 N. W. 22, it was held that, where it sought to establish by his own testimony the perjury of the person suborned, his testimony must be corroborated, but that the fact that the accused suborned or induced him to commit the crime may be established by the uncorroborated testimony of the witness, if it satisfies the jury beyond a reasonable doubt."

In 1842 the Supreme Judicial Court of Massachusetts, in Commonwealth v. Douglass, 46 Mass. (5 Metc.) 241, had the question before it. It held that subornation of perjury may be proved by the testimony of one witness. Referring to the rule that in cases of perjury guilt must be proved either by two witnesses, or by one witness and by other independent evidence, corroborative of his testimony, the court said:

"It is admitted that such evidence is necessary to substantiate that part of the indictment which alleges that the crime of perjury was committed by the person therein named; and in this respect no objection is made to the instructions of the court to the jury. And as to that part of the indictment, which charges the defendant with subornation of perjury, or procuring the commission of the said crime, we think it very clear that the same rule of evidence does not apply. The reason of the rule in cases of perjury is, that the same effect is to be given to the testimony of the party accused, as to that of the accusing witness, so that if there be no other proof, the scale of evidence is poised; there being witness against witness, oath against oath. No such reason exists as to the proof of that part of the indictment which charges the defendant with the procuring of the commission of the perjury; and this part of the charge, as we think, may undoubtedly be proved by the testimony of one witness. This exception therefore is not founded on any good reason, nor do we find it sustained by any authority."

The Supreme Court of Missouri in State v. Richardson, 248 Mo. 563, 571, 154 S. W. 735, 737, 44 L. R. A. (N. S.) 307, considered this question at length, reviewing the authorities, and in an opinion concurred in by all the judges came to the conclusion that the common-law rule is that in perjury cases the defendant cannot be convicted on the uncorroborated testimony of a single witness, but that rule is without application to one charged with subornation of perjury. In the course of its opinion the court, after stating the reasons for the rule applied to one charged with perjury, said:

"By what course of logic can these reasons be made to apply to the case of a suborner? Why should the rule as to him be different from that applied in cases of larceny, rape, or other criminal offenses? The presumption of his innocence certainly is of no greater weight than in the case of one accused of larceny or rape. There is no public policy reason why his conviction should be made more difficult than in the majority of other felonies. He is not convicted of an offense occurring while he is under oath and testifying. The offense that he commits is virtually consummated before the witness gives his testimony. He is not charged with the giving of false testimony. He does not commit his crime while performing any nec-

essary function in the progress of a trial. Why, then, should his conviction require greater proof than in convicting for theft? We do not think it does. All of the authorities hold that a single witness, uncorroborated, can make sufficient proof of the suborning."

We have no doubt that one who in a bankruptcy proceeding swears willfully and falsely to matter which he does not believe to be true commits perjury; and the record discloses that Trinz, when examined in this case, admitted that he testified falsely before the referee in bankruptcy. The following is an excerpt from his testimony in this case; his attention having first been called to the testimony he gave in the bankruptcy proceeding:

"Q. As far as you recall, was that testimony, read as your testimony this afternoon by the stenographer while you were in the courtroom, the testimony that you gave before Referee Thayer on October twenty-fifth, 1923? A. I recall it as such.

"Q. You recollect the question, 'You did loan her some money?' And your answer, 'Yes, sir.' Do you recall that question? A. I do.

"Q. And you recall that answer? A. I do.

"Q. Did you ever loan Annie Hammer any money? A. No, sir.

"Q. I speak not alone at this time, but at any time in your life, did you ever loan her money? A. No, sir.

"Q. Did Annie Hammer ever give you a promissory note in consideration of a loan you made to her? A. No, sir."

Then he proceeded to testify to the fact that he was induced to testify as he did by Charles Hammer, the defendant herein. If the jury believed his story beyond a reasonable doubt, they were justified in finding Hammer guilty as charged in the indictment.

Judgment affirmed.