R.M. GONYO, District Attorney, Green Lake County
You have requested my opinion as to whether a false declaration on a Wisconsin Real Estate Transfer Return preprared [prepared] pursuant to sec. 77.22, Stats., constitutes a violation of secs.77.27 and/or 946.32, Stats. (1971).
As I understand the facts you provide, a grantee or his agent signed the required declaration on a Wisconsin Real Estate Transfer Return (Department of Revenue Form PE-500 R. 2-73) stating that a $10,000 sale occurred, when in fact, no consideration passed between the parties. The requisite $10 fee pursuant to sec. 77.22, Stats., was paid.
The declaration on Department of Revenue Form PE-500 R. 2-73, which the grantee or his agent must sign, reads as follows:
"I (we) declare under penalty of law, that this return (including any accompanying schedule) has been examined by me (us) and to the best of my (our) knowledge and belief, it is true, correct and complete."
It is my opinion that the "penalty of law" referred to in the above declaration is to be found primarily, albeit not exclusively, in sec. 77.27, Stats. The nature of the declaration will not support the issuance of a criminal complaint under the false swearing statute, sec. 946.32, Stats.
The Real Estate Transfer Fee statute, subch. II of ch. 77, Stats., sec. 77.21, et seq., was enacted in 1969. Chapter 154, sec. 216m, Laws of 1969. The Department of Revenue advises that the law was designed to fulfill the informational void left by the repeal of the federal real estate documentary tax stamp system. The federal stamp system provided state departments of revenue with a readily available market index for equalizing assessments. When the federal stamp requirements were repealed in 1967, Wisconsin and other states began considering transfer tax systems to serve the same *Page 253 
purpose. Although a relatively small fee is assessed to defray administrative costs (10 cents for each $100 of value transferred), the underlying purpose of the statute is to accumulate accurate sales information for equalization purposes. Consequently, sec. 77.27, Stats., provides:
"Any person who intentionally falsifies value on a return required to be filed under this subchapter may for each such offense be fined not more than $1,000 or imprisoned in the county jail not more than one year, or both."
The operative words of the above section are, of course, ". . . intentionally falsifies value . . ." Value is defined in subsec. (3) of sec. 77.21 as:
"`Value' means:
"(a) In the case of any conveyance not a gift, the amount of the full actual consideration paid therefor or to be paid, including the amount of any lien or liens thereon; and
"(b) In case of a gift, or any deed of nominal consideration or any exchange of properties, the estimated price the property would bring in an open market and under the then prevailing market conditions in a sale between a willing seller and a willing buyer, both conversant with the property and at prevailing general price levels."
I read sec. 77.27 as being limited in purpose to guaranteeing the integrity of the information the Department of Revenue receives in terms of value transferred. It would not seem to apply to a situation where the grantee accurately stated the value transferred, but falsely identified the transfer as a sale.
The grantee's declaration on the return is not limited, however, to the verity of the value of the transfer stated thereon. He declares that he has examined the form and to the best of his knowledge it is ". . . true, correct and complete." This, of course, raises the issue of whether a return stating actual value but otherwise intentionally untrue constitutes a false swearing.
By definition, an essential element of common law false swearing is a willful oath or affirmation on a matter as to which a person could be legally sworn, administered by a person legally authorized to administer oaths. 70 C.J.S. Perjury § 3. In keeping with the *Page 254 
general definition, each of the subsections of Wisconsin's false swearing statute, sec. 946.32, Stats., defining various forms of false swearing, includes the words: ". . . under oath or affirmation . . ." By comparison, a declaration is normally defined as an unsworn or out of court assertion of fact. See 26 C.J.S. Declarations.
A 1932 Attorney General's opinion, although not precisely on point, discusses the distinction between a sworn oath or affirmation and a bare declaration. The opinion cites UnitedStates v. Mallard, 40 F. 151 (1889), as follows:
"The underlying principle evidently is that whenever the attention of the person who comes up to swear is called to the fact that the statement is not a mere asseveration, but must be sworn to, and, in recognition of this he is asked to do some corporal act, and does it, this is a statement under oath. . . ." (40 F. 151-152)
The declaration made on a Wisconsin Real Estate Transfer Return is not sworn to before an officer authorized to administer oaths. Therefore, it is not swearing within the ambit of sec. 946.32, Stats. Accordingly, I conclude that a false declaration on a Wisconsin Real Estate Transfer Return will not support a criminal complaint under sec. 946.32.
This is not to say, however, that the reprehensible act of intentionally making a false declaration on a required return need necessarily go unchallenged. The facts you provide suggest that the signatory's motive for falsely identifying the transfer as a sale may have been to avoid a gift tax assessment pursuant to subch. IV of ch. 72, Stats. Attempting to evade the gift tax is a criminal offense under sec. 72.86 (6). The language of that subsection seems to be broad enough to support a complaint based on an intentionally falsified Wisconsin Real Estate Transfer Return for purposes of gift tax avoidance.
RWW:CAB