601 A.2d 268

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Janet BUTLER, Appellee.**

Supreme Court of Pennsylvania.

Resubmitted April 2, 1990.

Decided Dec. 19, 1991.

8

Flaherty and McDermott, JJ., filed concurring and dissenting opinions.

Papadakos, J., filed dissenting opinion.

Sandra L. Elias, Chief, Appeals Div., Joseph J. Mittleman, Asst. Dist. Atty., for appellant.

Robert F. Pappano, Asst. Public Defender, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

NIX, Chief Justice.

In this appeal, the Commonwealth presents two issues for our review: first, whether the Superior Court erred in concluding that a claim of prosecutorial vindictiveness should have been presented to the jury; and second, whether the Superior Court erred in determining that appellee should have been given the opportunity to cross-examine an adverse witness for bias. For the following reasons, we affirm the order of the Superior Court.

The circumstances predicating this appeal are as follows. Janet Butler was acquitted by a jury of prostitution charges in March, 1984. During the trial, while testifying in her own behalf, she was asked by her attorney if she had ever been convicted of a crime. She responded, "No, sir." The prosecutor's objection to this testimony was overruled, and Ms. Butler was permitted to repeat her answer. After she was acquitted, Ms. Butler filed a civil suit against Police Detective Dennis O'Leary and several other Delaware County officials based upon an allegedly coercive body cavity search.[1] Shortly thereafter, the county authorities discovered that Ms. Butler did have a prior conviction for prostitution in the state of Delaware, and that she was also

---

[1]. Ms. Butler claimed that she was forced to submit to a body cavity search, and was allegedly threatened that if she did not cooperate, she would be taken to a hospital and shackled for a gynecological examination.

in violation of her probation. She subsequently was transferred to Delaware County to face charges of perjury and false swearing based upon her testimony at the prostitution trial.

Ms. Butler contended that the perjury charges were brought in retaliation for her civil suit. During a pre-trial conference before the perjury prosecution, defense counsel presented to the trial judge the theory of prosecutorial vindictiveness. Prior to opening argument, the judge informed counsel that he would not permit any reference to the Commonwealth's motive for bringing the perjury charge. The court stated that it did not consider the Commonwealth's motive to be an issue in the case, and that it would not permit any evidence of the pending civil suit to be presented to the jury.

During the course of the perjury trial, Ms. Butler attempted to explain that she had honestly believed she had no prior convictions when she testified to that fact at the previous trial. She contended that because an appeal had been taken she thought the conviction was not final, and she indicated that, having lost track of her attorney, she was unaware of the status of that appeal. This testimony was contradicted by that of Butler's Delaware probation officer, who testified that at a June, 1985, probation revocation Ms. Butler stated that she had been aware since mid–1982 that her appeal had been denied. This testimony was corroborated by a tape recording of the 1985 hearing.

The Commonwealth presented the testimony of the court reporter from the 1984 trial, as well as the notes of testimony from that proceeding, to prove that Ms. Butler indeed had testified that she had never been convicted of a crime. Detective O'Leary, who investigated the 1984 prostitution charge and was a named defendant in Ms. Butler's civil action, also testified that he had heard her deny any prior convictions.

Detective O'Leary testified that he had discovered the alleged perjury while reviewing Ms. Butler's file approximately one year after her acquittal. He testified that he

found the record of the 1982 conviction in a Department of Justice report in the file, and that he confirmed the information with the Delaware authorities. Although O'Leary could not explain why the Justice Department report, which is normally requested and filed at the time of arrest, was not discovered until a year after Ms. Butler's acquittal, the detective characterized as merely coincidental the fact that the report was found after the civil suit was filed.

The defense then was denied the opportunity to cross-examine O'Leary for bias relating to his position as defendant in the civil suit. The trial court rejected Ms. Butler's contention that O'Leary had a personal stake in the outcome of the perjury trial because Ms. Butler, if convicted, would be ineligible as a matter of law to testify in the civil suit.[2] The trial court refused to allow any evidence of the civil suit, reasoning that defense counsel had ample opportunity to show bias, prejudice, or vindictiveness without injecting evidence of the lawsuit. No. 3671–85, slip op. at 12 (Court of Common Pleas, Delaware County, March 18, 1987). The trial court further opined that Ms. Butler was not prejudiced by this ruling because she was free to impeach him by other means. Cross-examination of Detective O'Leary was limited to his delay in investigating the alleged perjury and to the inconsistencies in his testimony.

Ms. Butler was convicted of perjury and sentenced to three to twenty-three months imprisonment. On appeal, the Superior Court reversed her conviction on two grounds. 367 Pa.Super. 453, 533 A.2d 105. First, the Superior Court concluded that the trial court erred in failing to hold an evidentiary hearing on Ms. Butler's claim of prosecutorial vindictiveness. The court held that Ms. Butler should have been given an opportunity to present her claim of selective prosecution to the jury as a defense to the criminal charges. 367 Pa.Superior Ct. at 463, 533 A.2d at 110 (Superior Court, 1987). The court also concluded that the trial court erred in

---

**2.** The statute precludes the testimony of one convicted of perjury for any purpose, "... unless the matter is one to redress or prevent injury or violence attempted, done or threatened to his person ..., in which case he shall be permitted to testify." 42 Pa.C.S. § 5922.

refusing to permit the cross-examination of Detective O'Leary as to the civil suit. The court reasoned that, in addition to her constitutional right to cross-examine a witness for possible motive to lie, Ms. Butler has a particular interest in testing the credibility of O'Leary, whose testimony was necessary under the "two witness" rule of perjury cases for corroboration of Butler's statement at the 1984 trial. The Superior Court remanded the matter to the trial court, and the Commonwealth appealed.

■ The Commonwealth argues that the Superior Court erred in concluding that the question of selective prosecution should have been presented at trial. The Commonwealth contends that a claim of prosecutorial vindictiveness is a question of law to be decided by the trial judge. The Commonwealth insists that although the record does not reflect whether a motion to dismiss was made on the basis of selective prosecution, the trial judge did consider and reject the claim. The Commonwealth also submits that, because the trial judge rejected the selective prosecution claim, the trial court properly rejected Mrs. Butler's attempt to cross-examine Detective O'Leary for possible bias arising from the civil suit. Finally, the Commonwealth avers that the Superior Court incorrectly applied the "two-witness" rule of perjury cases. We will address these claims *seriatim*.

■ Initially, it is necessary to note the distinction between the right of a party defendant to attempt to establish the bias of a witness who testified against her as it may reflect upon the credibility of the witness' testimony, *Commonwealth v. Cheatham*, 429 Pa. 198, 239 A.2d 293 (1968), and a claim that government conduct is so offensive as to require the barring of the prosecution. The defense of prosecutorial vindictiveness is based upon the theory that due process prohibits a prosecutor from punishing a criminal defendant in retaliation for that defendant's decision to exercise a constitutional right. *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Like other questions of outrageous government conduct, a claim of

prosecutorial vindictiveness is a question of law, not fact. *United States v. Krezdorn*, 718 F.2d 1360 (5th Cir.1983), *cert. denied, Krezdorn v. United States*, 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984). The claim addresses itself to a constitutional defect in the institution of the prosecution. *United States v. Berrigan*, 482 F.2d 171 (3d Cir.1973). Such a claim is unrelated to the determination of guilt or innocence. *United States v. Napper*, 553 F.Supp. 231 (E.D.N.Y.1982). *See also, Ford v. United States*, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793 (1927). A defendant who lodges a selective prosecution claim, therefore, does not have the right to present it to the jury. *United States v. Berrigan, supra; United States v. Napper, supra.*

▮ In a federal criminal proceeding the claim of prosecutorial vindictiveness is instituted by means of a pre-trial motion to dismiss. Fed.R.Crim.P. 12(b)(2); *see, e.g., United States v. Wallace*, 578 F.2d 735 (8 Cir.1978), *cert. denied*, 439 U.S. 898, 99 S.Ct. 263, 58 L.Ed.2d 246 (1978); *United States v. Taylor*, 562 F.2d 1345 (1977), *cert. denied*, 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977). The case law of this Commonwealth is silent as to the means by which such a claim is to be raised; however, the motion to dismiss has been the accepted procedure for raising this claim. *See, e.g., Commonwealth v. Lenig*, 403 Pa.Super. 455, 589 A.2d 700 (1991).[3] We now hold that a similar

---

**3.** As previously stated, a claim of prosecutorial vindictiveness, like claims of other types of prosecutorial misconduct, addresses itself to a concern that official misconduct should prevent the institution or prosecution of criminal charges against the defendant. *See U.S. v. Krezdorn*, 718 F.2d 1360 (5th Cir.1983), *cert. denied, Krezdorn v. U.S.*, 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984). Other types of prosecutorial misconduct claims have traditionally been raised in this Commonwealth in the nature of a motion to dismiss. *See, e.g., Commonwealth v. Bryant*, 524 Pa. 564, 574 A.2d 590 (1990); *In re Oxman*, 496 Pa. 534, 437 A.2d 1169 (1981); *Commonwealth v. Hoskins*, 494 Pa. 600, 432 A.2d 149 (1981); *Commonwealth v. Mitchell*, 488 Pa. 75, 410 A.2d 1232 (1980).

Notwithstanding the traditional acceptance of this procedure, our criminal rules, unlike the federal rules herein discussed, make no express provision for such allegations to be raised. However, we recommend that the Criminal Procedural Rules Committee evaluate the need for establishing such a procedure.

procedure is to be provided for lodging such a claim in the Pennsylvania courts. Although defense counsel in the instant case informed the court of the prosecutorial vindictiveness claim prior to the trial, the trial court summarily dismissed it as not being an issue in the case. This disposition did not give adequate consideration to appellant's claim. Defense counsel should have been permitted to create a record to support this legal claim in the nature of a motion to dismiss.

We next address the Commonwealth's contention that Ms. Butler was properly prohibited from cross-examining Detective O'Leary regarding the civil suit, based upon the trial court's ruling that the civil suit was not at issue in the case but was a collateral matter which could confuse the jury. The Commonwealth maintains that the Superior Court erroneously characterized Detective O'Leary as a necessary witness under the "two-witness" rule, thereby ruling that the cross-examination should have been permitted.

■■■■ It is well established that a criminal defendant has a right to cross-examine any adverse witness, whether or not that witness is "necessary" under the perjury rule, for the purpose of impeaching his credibility. The credibility of a witness may be impeached by evidence which tends to show that the witness had an interest in the outcome of the trial, *Commonwealth v. Sullivan*, 485 Pa. 392, 402 A.2d 1019 (1979), or that the witness' testimony may be untruthful, *Commonwealth v. Updegrove*, 413 Pa. 599, 198 A.2d 534 (1964); or that the witness may possess a bias which colors his testimony, *Commonwealth v. Collins*, 519 Pa. 58, 545 A.2d 882 (1988); *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977). In the instant matter, Detective O'Leary was a defendant in a civil suit instituted by Ms. Butler, against whom he testified, and therefore, could be personally liable to Ms. Butler. This would provide a legitimate basis for a jury to infer bias on the part of Detective O'Leary, particularly where the outcome of the trial could materially affect the probability of success in the civil action. Certainly, a perjury conviction would diminish Ms.

Butler's credibility in the eyes of a jury. Ms. Butler therefore should have been afforded the opportunity to cross-examine him with evidence of the civil suit. The trial court's refusal to permit cross-examination in this area was also error.

Accordingly, the order of the Superior Court is affirmed, and the matter is remanded for proceedings consistent with this opinion.

FLAHERTY and McDERMOTT, JJ., file concurring and dissenting opinions.

PAPADAKOS, J., files a dissenting opinion.

FLAHERTY, Justice, concurring and dissenting.

The credibility of the police officer was not in issue inasmuch as whether the defendant had *in fact* previously testified that she had no convictions in the course of her trial on the charge of prostitution was not a disputed issue. Cross examination of the police officer, therefore, on the issue of defendant's guilt would not be warranted. The question of prosecutorial vindictiveness, however, as properly set out in the majority opinion, is for the court to determine after an evidentiary hearing, and I would remand for such a hearing.

McDERMOTT, Justice, concurring and dissenting.

The appellant was tried for prostitution in Delaware County, Pennsylvania. Asked by her counsel "were you ever convicted of a crime?" She answered, "No sir." Not surprisingly, she was acquitted. Following her acquittal, she filed suit against the county and several police officers alleging a coercive search. Upon receipt of the suit the police determined that in fact she had been previously convicted of prostitution in the State of Delaware. She was indicted for perjury and put to trial. At the perjury trial, Officer O'Leary, a defendant in her civil suit was called to testify that she in fact had said she was not previously convicted. The Superior Court and the majority of this

Court treat Officer O'Leary as a witness corroborating the perjury and held he was subject to cross-examination for bias because he was made a defendant in her civil suit. O'Leary was neither a corroborating witness nor was his testimony required to posit the charge of perjury. He was called to say she said what she said and no more. His testimony did not prove her a liar and were it so offered it was clearly inadmissible because he could offer no proof of his own knowledge that she in fact had been previously convicted of perjury. Nor was testimony as to what she said necessary because what she said at her prostitution trial was supplied from the official transcript by the court reporter at her trial for prostitution.

Two witnesses are not required to prove what one said under oath. VII Wigmore, Evidence in Trials at Common Law, § 2042(3) (1978). Two witnesses are required to show that what was said under oath was a lie. *United States v. Flores–Rodriguez*, 237 F.2d 405, 408 (2nd Cir.1956) ("This rule, it must be remembered, deals with the falsity of the oath and not with its making.") Corroborating witnesses are required to prove that what was said was a lie, not that it was said. *Id.* That she lied under oath was proved by two court officials from the State of Delaware who presented the official records of her conviction and her Delaware probation officer who testified that pursuant to that conviction she came and remained under supervision. *See Holy v. United States*, 278 F. 521 (7th Cit.1921), *Commonwealth v. Robinson*, 332 Pa.Super. 147, 151, 480 A.2d 1229, 1231 (1984), ("An uncorrorborated record of a criminal conviction is sufficient to demonstrate the falsity of a sworn statement that the speaker has never been convicted of a crime.") The testimony of both was stipulated by counsel for appellant. Hence, the appellant admitted the Commonwealth's case, that she had been convicted in Delaware. She based her defense on the belief that her conviction was successfully appealed. That defense did not depend upon anything in the testimony or knowledge of Officer O'Leary, nor under the Commonwealth's evidence did it prove persuasive. In

short, O'Leary was not necessary to prove the perjury she admitted. Notwithstanding, he was extensively cross-examined on why the perjury indictment was pursued. The majority believes that insufficient because the trial court allowed cross-examination of all but that he was a defendant in the civil suit. While I believe the extensive cross-examination became a side show, I agree with the majority that an issue of selective or vindictive prosecution is a question of law for the court to decide on pre-trial motion and that issue should be remanded for determination by the trial court. Should those contentions prove meritless, I would affirm the conviction of perjury for the reasons stated.

PAPADAKOS, Justice, dissenting.

This is the appeal of the Commonwealth of Pennsylvania (Appellant) from the Opinion and Order of the Superior Court reversing the judgment of sentence entered against Janet Butler (Appellee) and remanding the matter for further proceedings. Appellee was convicted of perjury and sentenced to three to twenty-three months' imprisonment.

In her appeal to the Superior Court, Appellee argued that the trial court erred in concluding that the "two witness" rule in perjury cases had been satisfied herein. The Superior Court agreed with Appellee and reversed, but in so doing, also took it upon itself to conclude, *sua sponte*, that the trial court should have allowed Appellee to explore a claim of prosecutorial vindictiveness as a possible defense to the perjury charges against her. Accordingly, it reversed and remanded for a new trial.

Because of the importance of the issues presented us for review, we accepted discretionary review, and I would now reverse and reinstate the judgment of sentence.

This matter arises out of the following factual background. Appellee was tried on charges of prostitution on March 21, 1984, and was acquitted. During the trial, she testified on her own behalf. In response to a question by her attorney whether she had ever been convicted of a

crime, she responded, "No, sir." The Commonwealth objected to this answer, but the trial court overruled the objection and allowed Appellee to repeat her answer.

Following the acquittal, Appellee filed a civil action against a police detective and several other county officials based on an alleged coercive body cavity search. Appellee claimed that she was forced to submit to this search or be shackled and taken to a hospital for a gynecological examination. Shortly after this suit was filed, the Delaware County authorities discovered that Appellee did, in fact, have a prior conviction for prostitution in Delaware, and that she was in violation of her Delaware probation.

Appellee was arrested and charged with perjury based on the testimony she gave at the prostitution trial. This charge, according to Appellee, was filed in retaliation for the civil action that she instituted against the Delaware County officials.

Prior to the start of the trial, defense counsel informed the trial judge that he intended to explore his theory of prosecutorial vindictiveness. The trial court denied this request stating the Commonwealth's motives for prosecuting this action was not an issue in the case and, therefore, evidence of the pending civil action would not be presented to the jury.

Appellee attempted to defend against the charge of perjury by explaining that she did not think that she was lying because she honestly believed that the Delaware conviction was not final, since an appeal was pending.

Appellee further explained that she had lost track of her attorney and the status of that appeal. This testimony was contradicted by Appellee's Delaware probation officer. He testified that at a June, 1985, probation revocation hearing, Appellee acknowledged that she was aware that from mid–1982 that her appeal had been denied. This testimony was corroborated by a tape recording of that hearing.

The Commonwealth also presented the testimony of the court reporter from the 1984 prostitution trial, as well as

the notes of testimony, to establish that Appellee testified that she had never been convicted of a crime. Delaware County Police Detective Dennis O'Leary testified that he was present at the prostitution trial and heard Appellee deny having any prior convictions. Detective O'Leary was involved in the investigation and prosecution of the prostitution charge and is a named defendant in Appellee's civil action.

Detective O'Leary testified that he reviewed Appellee's file one year after the acquittal and discovered the perjury through the presence of a Department of Justice Report indicating that Appellee had a 1982 conviction in Delaware. He also stated that he verified this information with the authorities in Delaware and that it was merely coincidental that this prior conviction was discovered after the filing of the civil matter. Detective O'Leary noted that Justice Department reports are routinely requested at the time of an arrest and are usually received a short time thereafter. He also noted that this report was not found until at least one year after the request and that this delay was unusual and without explanation.

Appellee's counsel attempted to cross-examine O'Leary about his position as a defendant in the civil action to show his bias. Appellee attempted to show that O'Leary had a personal stake in the outcome of this prosecution, because if she were convicted of perjury, Appellee would be ineligible, as a matter of law, to testify in her own behalf in the civil action. This claim was properly rejected because our perjury statute precludes the testimony of one convicted of perjury for any purpose, "... unless the matter is one to redress or prevent injury or violence attempted, done or threatened to his person ..., in which cases he shall be permitted to testify." 42 Pa.C.S. § 5922.

The trial court also continued to refuse to allow any evidence of the civil action to be brought before the jury, because ample opportunity existed to show bias, prejudice or vindictiveness, without injecting evidence of the civil action. The trial court (Judge Jerome, writing for Judge

Frank J. Lynch, who died shortly after sentencing) noted that Appellee was not prejudiced by the exclusion of this evidence because she could impeach this witness by other means. The record indicates that Detective O'Leary was thoroughly cross-examined by defense counsel as to his delay in investigating the perjury, as well as to inconsistencies in his testimony.

The Superior Court reviewed the scope of cross-examination of Detective O'Leary and reasoned that the trial court improperly limited Appellee's right to impeach the credibility of an essential witness. In the Superior Court's view, Detective O'Leary was a necessary witness under the "two witness" rule of perjury trials and, as such, his credibility was critical. Relying on *Commonwealth v. Robinson*, 507 Pa. 522, 491 A.2d 107 (1985) (disallowing inquiry into a witness' motive is highly prejudicial in cases which hinge on credibility), and *Commonwealth v. Ervin*, 262 Pa.Superior Ct. 322, 396 A.2d 776 (1978) (it is always the right of a party to show that a witness has an interest in the outcome of the trial), the Superior Court concluded that this was reversible error. That Court also found that the error was compounded by the trial court's instruction to the jury on credibility, which it found led the jury to believe that only Appellee's credibility was at issue.

The trial court instructed the jury as follows:

"You should consider whether the witness has anything to gain or lose from the outcome of the case.... In weighing the testimony, however, you may consider the fact that (Appellee) has a vital interest in the outcome of this trial. You may take (Appellee's) interest into account just as you would *the interest of any other witness* along with all the other facts and circumstances bearing on credibility in making up your minds what weight the testimony deserves." (Emphasis added)

Since O'Leary's credibility was vigorously attacked by defense counsel during cross-examination, this instruction covered the impeachment of all witnesses, including

O'Leary, and the Superior Court's contrary conclusion is in error.

Turning to the "two witness" rule in perjury cases, our law is clear that the Commonwealth must present two witnesses or one witness plus corroborating evidence to prove the falsity of the statement claimed to be perjured. *Commonwealth v. Russo*, 388 Pa. 462, 131 A.2d 83 (1957); *Commonwealth v. Billingsley*, 357 Pa. 378, 54 A.2d 705 (1947). This rule has been misapplied by our Superior Court in this instance. It is the falsity of the statement that must be proved by two witnesses or one witness and corroborating evidence. In the case *sub judice*, the falsity of Appellee's statement (that she had no prior convictions) was proven by her Delaware probation officer, Daniel O'Connor, by evidence of the Document of Conviction from Wilmington, Delaware, and by Appellee's own stipulation that she had been convicted of a crime in Delaware. O'Leary merely corroborated that Appellee made this statement under oath which was also corroborative of the trial transcript. His testimony was not used to prove the falsity of Appellee's statement and, therefore, he was not a necessary witness upon whose credibility the case hinged.

Under these circumstances it was within the trial court's discretion to channel cross-examination away from referring to the civil suit. Such matters are committed to the sound discretion of the trial judge and absent an abuse of discretion we are loath to disturb the trial court's decision. *Commonwealth v. Sisco*, 484 Pa. 85, 398 A.2d 955 (1979); *Commonwealth v. Woods*, 366 Pa. 618, 79 A.2d 408 (1951).

Appellee was given the opportunity to show that the witness had an interest in the outcome of the case, as was her right. *Commonwealth v. Cheatham*, 429 Pa. 198, 239 A.2d 293 (1968). The trial court reviewed the issue of prosecutorial vindictiveness, including evidence of the civil action, and it concluded that the motive of this prosecution was not an issue in the case. Accordingly, I do not see it an abuse of discretion to refuse to permit evidence of this action to be submitted to the jury, as it had nothing to do

with the case and there were other ways to establish the bias of the witness.

Finally, I note that the Superior Court, *sua sponte*, determined that Appellee had established a *prima facie* case of prosecutorial vindictiveness which, upon remand, merited further inquiry. That Court, therefore, ordered a remand to the trial court for an evidentiary hearing on this claim. This was error. The only issue properly before the Superior Court concerned the scope of cross-examination of O'Leary and by reaching this issue it clearly exceeded its scope of review. We have repeatedly cautioned our appellate courts to refrain from considering issues not properly raised and briefed before them. *Commonwealth v. Capitolo*, 508 Pa. 372, 498 A.2d 806 (1985); *Commonwealth v. Myers*, 485 Pa. 519, 403 A.2d 85 (1979); *Commonwealth v. Mimms*, 477 Pa. 553, 385 A.2d 334 (1978).

The evil in such a practice is that the litigants are adversely affected by rulings and are not given the opportunity to brief or argue the issue before the rulings are made. Here the Superior Court not only considered the vindictiveness claim, but used it as a basis for entering the order of remand. This was error.

In view of the foregoing, I must vigorously dissent to the paternalistic approach being taken by the majority in confounding the criminal justice system of this Commonwealth. Janet Butler is guilty of perjury. She admitted the perjury under oath. The written record alone conclusively establishes the perjury. (In fact, she committed perjury again in denying any knowledge that her appeal of the Delaware conviction was still pending.)

With this "open and shut" case, the testimony of Police Detective O'Leary and his possible bias against the defendant for her having brought a civil suit against him, was totally irrelevant and absolutely harmless to the issue of her guilt or innocence. His possible bias could not possibly have affected the credibility of the written record upon which she stands convicted.

Were this not a serious matter, the suggestion that this case involved an element of prosecutorial vindictiveness is ludicrous. The police officers may have been vindictive against her, but the District Attorney was certainly not. The District Attorney made the decision to charge Janet Butler with perjury. The police officers could not have proceeded without the District Attorney's approval. Is the majority suggesting that the District Attorney is in cahoots with the police or controlled by the police, or is as vindictive as the police are alleged to be? For shame!

All of the cases cited by the majority to establish the right of a defendant to be shielded from prosecution because of *prosecutorial vindictiveness* involve the vindictive action of the prosecuting attorney and not the police or complaining witnesses. If a police officer brings charges against the rapist and killer of the police officer's wife or daughter, is that felon now shielded by the police officer's obvious vindictiveness? Can anyone deny that the police officer has a thirst for revenge? Vindictiveness is defined as a seeking of revenge.

I cannot understand the convoluted reasoning of the majority and fear that much mischief will result from the principles enunciated, *sub silentio*, in their opinion. I, therefore, most strenuously dissent to this misapplication of justice. I would reverse the order of the Superior Court and reinstate the judgment of sentence of the Court of Common Pleas of Delaware County.