J. S40013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAYSHAWN TAQUAN JONES, | : | No. 1312 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 30, 2014,
in the Court of Common Pleas of Westmoreland County
Criminal Division at No. CP-65-CR-0003475-2009

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED OCTOBER 9, 2015**

Rayshawn Taquan Jones appeals from the order dismissing his ***pro se*** petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant and his accomplice, Kalell McCord, were involved in a "shoot-out" with the victim, Matthew Johnson, on a public street in New Kensington, Pennsylvania on July 21, 2009.  Appellant was arrested and charged with criminal attempt-criminal homicide, aggravated assault, and simple assault.[1]  Timothy Dawson, Esq., was appointed as counsel for appellant.  A five-day jury trial was held on June 20-24, 2011.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 2701(a)(1), respectively.

At trial, Johnson testified that he was visiting his girlfriend's brother's house. Johnson left the house to sell a 9mm gun. As he was walking, he saw appellant and McCord on Catalpa Street. Both men were armed. (Trial transcript, at 176-186.) Johnson testified that he made eye contact with both men who went behind a yellow Hummer and then fired shots at him. Johnson hid behind the car and fired two shots back. Johnson then got up, fired two shots, and started to run. Johnson had no bullets left and tried to run back to the house but his leg bones were shattered and he fell on the sidewalk against a fence. McCord fled the scene. Appellant approached Johnson and, ignoring Johnson's plea not to shoot him, fired two bullets into him at point blank range, hitting him in the neck and stomach. Appellant then fled the scene. Johnson survived and identified appellant as the man who shot him.

McCord also testified. He testified that he and appellant were involved in a shootout with Johnson. McCord did not know who fired first. He testified that once he saw Johnson go down, he "took off running." (*Id*. at 246.)

An eyewitness testified that she observed a man laying down screaming "don't shoot me. Please don't kill me." (*Id.* at 467.) She saw another person walk up and fire several rounds into him. (*Id*. at 468.) The witness was able to identify appellant as the shooter.

The jury heard evidence that the victim, Johnson, had pending felony charges for allegedly selling $20 in crack cocaine, and that the Commonwealth offered him a deal on his pending charges in exchange for his testimony against appellant.  (*Id.* at 192, 200, 206.)  The jury also heard that appellant's accomplice, McCord, received a deal in exchange for his testimony against appellant whereby he would be permitted to plead guilty to aggravated assault instead of attempted homicide and that he would receive a sentence of one year less one day to two years less two days instead of fifteen years and would be paroled at the time when he entered his guilty plea.  (*Id.* at 220, 266-267, 270.)

The jury found appellant guilty of all charges.  Appellant was sentenced to a term of imprisonment of 18 years to 36 years.  Thereafter, appellant filed timely post-sentence motions challenging the weight and sufficiency of the evidence and seeking modification of his sentence.  The trial court denied the motions, and appellant appealed to this court which affirmed the judgment of sentence on October 19, 2012.  ***Commonwealth v. Jones***, No. 343 WDA 2012, unpublished memorandum ***per curiam*** (Pa.Super. filed October 19, 2012).  Appellant filed a petition for allowance of appeal which was denied on September 26, 2013.

Appellant filed a ***pro se*** PCRA petition on December 13, 2013.  (Docket #101.)  In it, he set forth the following two grounds:  (1) the Commonwealth committed selective prosecution; and (2) the

Commonwealth failed to provide the defense with reasonable notice prior to trial of its intention to present character evidence of "other crimes, wrongs, or acts."[2]

On December 31, 2013, the trial court appointed PCRA counsel, James H. Robinson, Esq., and directed him to either file an amended PCRA petition or a **Turner**/**Finley**[3] "No Merit" letter. (Docket #102.)

On May 21, 2014, Attorney Robinson filed a **Turner**/**Finley** "No Merit" letter and a petition to withdraw. PCRA counsel addressed both issues appellant raised in his **pro se** PCRA petition. PCRA counsel set forth in detail the nature of his review (which included interviews of prior counsel, review of the transcripts, appellant's case file, and the pleadings), cited appropriate case law, provided an issue-by-issue analysis of why each issue lacked merit and a conclusion that there were no viable issues under the PCRA which would afford relief. Counsel sent appellant a copy of the petition and the brief and advised him of his right to continue **pro se** or hire a private attorney. On June 30, 2014, the PCRA court, after conducting its own independent evaluation of the record, agreed that appellant raised no genuine issues and granted Attorney Robinson permission to withdraw from representation. (Docket #109.)

---

[2] Appellant did not pursue the second issue in this appeal.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Pennsylvania v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

Appellant raises the following issues on appeal:

> A. WHETHER APPELLANT IS BEING HELD IN CUSTODY AT THE STATE CORRECTIONAL INSTITUTION AT ALBION IN VIOLATION OF THE CONSTITUTION AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA BY THE COMMONWEALTH ENGAGING IN SELECTIVE PROSECUTION BY SOLELY CHARGING THE PETITIONER?
>
> B. WHETHER APPELLANT WAS DENIED MEANINGFUL PARTICIPATION IN THE PCRA PROCESS?

Appellant's brief at 4.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free from error. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2). These circumstances include a constitutional violation or ineffectiveness of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i) and (ii). The petitioner must also plead and prove by a preponderance of the evidence

that the claims of error have not been previously litigated or waived and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S.A. § 9543(a)(3) and (4). An issue has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2).

First, appellant complains that his rights of due process and equal protection of law were violated by the disparate treatment that he received vis-à-vis that afforded to McCord and Johnson. He contends that all three men were involved in the shootout but he was the only one who was selected to be prosecuted. He argues that McCord and Johnson all faced similar charges based on the same facts and evidence; yet, the Commonwealth permitted them to enter plea bargains in exchange for their testimony. Appellant asserts that the disparate treatment by the prosecution constituted an arbitrary act and violated his constitutional entitlement to fundamental fairness, due process, and equal protection of the law.

A selective prosecution claim is an independent assertion that the prosecutor has brought a charge for reasons forbidden by the equal protection clause of the Constitution. *U.S. v. Armstrong*, 517 U.S. 456 (1996). The pre-trial motion to dismiss has been the accepted procedure for raising this claim. *Commonwealth v. Butler*, 601 A.2d 268 (Pa. 1991). Appellant did not raise this claim before the trial court, and he has not raised it in the rubric of ineffective assistance of counsel. Thus, it has been waived.

Assuming *arguendo* the issue was not waived, appellant has failed to allege that the Commonwealth's discriminatory selection of him for prosecution was based on any "impermissible grounds" such as race, religion, the exercise of some constitutional right, or any other such arbitrary classification. *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 (Pa. 1997). Appellant's conduct was clearly more culpable than that of the other two participants. After the initial exchange of gunfire, Johnson lay gravely injured on the sidewalk, and appellant's co-defendant, McCord, fled the scene. Instead of fleeing, appellant approached Johnson, and despite Johnson's pleas "don't shoot me" and "please don't kill me," shot him at close range in the neck and stomach. (Trial transcript, 6/23/11 at 467.) The Commonwealth has the prerogative to recommend leniency in exchange for truthful testimony. *Commonwealth v. Childress*, 799 A.2d 805

(Pa.Super. 2002). Johnson's and McCord's agreement to testify against appellant was a valid reason for offering them leniency.[4]

Next, appellant contends that he was denied due process because the PCRA court permitted counsel to withdraw without first amending appellant's "inarticulately drafted [*pro se*] PCRA petition." (Appellant's brief at 11.)

This issue is also waived. Pa.R.Crim.P. 907(1) requires the petitioner to respond to the PCRA court's proposed dismissal within 20 days. The PCRA court issued its notice of dismissal on June 10, 2014, in which it concluded that appellant failed to raise any meritorious claims and the issues raised lacked genuine arguable merit. The PCRA court notified appellant that he had 20 days to respond to the Rule 907 notice. (Docket #7.) If appellant wished to challenge counsel's failure to amend his PCRA petition, appellant was required to respond to the proposed dismissal within 20 days of the dismissal notice. Because he did not, the issue was waived. ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009).

Order affirmed.

---

[4] Unlike appellant herein, the appellant in ***Childress*** framed his selective prosecution claim as a claim of ineffective assistance of counsel under § 9543(a)(2)(ii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2015