**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERNEST ODOM, III | : | |
| | : | |
| Appellant | : | No. 1708 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 18, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0004386-2018

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 17, 2020**

Appellant, Ernest Odom, III, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his jury trial convictions for two counts of aggravated harassment by prisoner.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant is an inmate serving two life sentences.  On March 12, 2017, Appellant was housed at SCI-Retreat.  On that date, a corrections officer and nurse made rounds to pass out medication to inmates in their cells.  Appellant called out, asking for Pepto-Bismol.  The officer opened the food aperture for Appellant's cell while the nurse prepared the medication.  Once the aperture was down, Appellant threw urine and feces at the officer and nurse.

On January 18, 2019, the Commonwealth filed a criminal information

_____

[1] 18 Pa.C.S.A. § 2703.1.

charging Appellant with two counts of aggravated harassment by prisoner. Appellant proceeded to a jury trial on September 17, 2019. At trial, the Commonwealth presented testimony from the corrections officer. On cross-examination, Appellant twice attempted to ask the officer about the prison's internal system of punishment for inmate misconduct. The Commonwealth objected, questioning the relevance of the prison disciplinary system to the instant case. Appellant did not offer any argument to support the line of questioning, and the court sustained the objections.

On September 18, 2019, the jury found Appellant guilty on all counts. That same day, the court sentenced Appellant to an aggregate term of six (6) to twelve (12) years' imprisonment, to run consecutive to the sentences Appellant was already serving. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on October 15, 2019. On October 16, 2019, the court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on November 6, 2019.

Appellant now raises one issue for our review:

> Whether the trial court erred in sustaining the Commonwealth's objection to questions regarding punishments available for inmate misconduct?

(Appellant's Brief at 4).

On appeal, Appellant argues he attempted to question the officer about the availability of alternative punishments to criminal prosecution for inmate

misconduct, and the officer's answers would have been relevant. Appellant contends the officer's answers would have laid the foundation for the selective prosecution defense he intended to pursue, and the trial court should have allowed the officer to answer the questions on this basis. Appellant relies upon **Commonwealth v. Kane**, 188 A.3d 1217 (Pa.Super. 2018), *appeal denied*, 649 Pa. 652, 197 A.3d 1180 (2018), for the proposition that selective prosecution is a defense on the merits that can be presented to a jury. Appellant concludes the court abused its discretion in sustaining the Commonwealth's objections to the questions raised on cross-examination of the officer. We disagree.

This Court's standard of review for issues regarding the admissibility of evidence is well settled:

> Questions concerning the admissibility of evidence are within the sound discretion of the trial court … [and] we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. [I]f in reaching a conclusion the trial court [overrides] or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

**Commonwealth v. Belknap**, 105 A.3d 7, 9-10 (Pa.Super. 2014), *appeal denied*, 632 Pa. 667, 117 A.3d 294 (2015) (internal citations and quotation marks omitted).

"Relevance is the threshold for admissibility of evidence."

*Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa.Super. 2015) (*en banc*),

*appeal denied*, 633 Pa. 787, 128 A.3d 220 (2015).

> Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or tends to support a reasonable inference or proposition regarding a material fact. Relevant evidence may nevertheless be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Commonwealth v. Danzey*, 210 A.3d 333, 342 (Pa.Super. 2019), *appeal*

*denied*, ___ Pa. ___, 219 A.3d 597 (2019) (internal quotation marks omitted).

Additionally, the defendant bears the burden of proving a selective

prosecution claim:

> In order to establish a *prima facie* case of selective prosecution, [the defendant] must establish, first, that others similarly situated were not prosecuted for similar conduct, and, second, that the Commonwealth's discriminatory prosecutorial selection was based on impermissible grounds such as race, religion, the exercise of some constitutional right, or any other such arbitrary classification. The burden is on the defense to establish the claim; it is error to shift the burden to the prosecution to establish or refute the claim. Because of the doctrine of separation of powers, the courts will not lightly interfere with an executive's decision of whom to prosecute.

*Commonwealth v. Murphy*, 795 A.2d 997, 1000 (Pa.Super. 2002) (internal

citations omitted). "A selective or vindictive prosecution claim is not a defense

on the merits and not a matter for presentation to the jury." *Commonwealth*

*v. Stetler*, 95 A.3d 864, 892 (Pa.Super. 2014), *appeal denied*, 630 Pa. 743,

108 A.3d 35 (2015). *See also Commonwealth v. Butler*, 529 Pa. 7, 13,

601 A.2d 268, 270 (1991) (holding selective prosecution claim "is unrelated to the determination of guilt or innocence" and defendant raising such claim "does not have the right to present it to the jury").

Instantly, defense counsel attempted to question the officer about punishments, within the prison system, for inmate misconduct. When the Commonwealth objected, defense counsel did not suggest the officer's answers were material to establishing a selective prosecution claim. Further, the certified record does not reveal that Appellant explicitly raised this claim at any time prior to trial. **See Butler, supra** at 13-14, 601 A.2d at 270-71 (explaining selective prosecution claim should be raised in pretrial motion to dismiss). We reiterate that selective prosecution is not a defense on the merits and, absent more, the trial court properly rejected Appellant's attempt to introduce irrelevant evidence regarding the prison disciplinary system.[2] **See Danzey, supra**; **See Stetler, supra**. Accordingly, we affirm Appellant's judgment of sentence.

---

[2] Although Appellant relies on **Kane**, he concedes it "did not precisely state that the issue of selective prosecution could be be presented to a jury." (**See** Appellant's Brief at 14). Rather, **Kane** compared the different elements for "the two very distinct concepts of selective and vindictive prosecution." **Kane, supra** at 1229.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2020