J-S12037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY PROCTOR | : | |
| | : | |
| Appellant | : | No. 642 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 8, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002606-2018

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: May 20, 2021

Anthony Proctor ("Proctor") appeals from the judgment of sentence entered following his convictions of three counts of indecent assault without consent, two counts each of indecent exposure and criminal attempt, and one count of indecent assault by forcible compulsion.[1]  We affirm.

In its Opinion, the trial court summarized the factual and procedural history underlying this case as follows:

> The offenses for which [Proctor] was convicted took place between April[] 2017[,] and February[] 2018.  There were two victims in this case, Kristen Hall [("Hall")] and Gladine Mitchell [("Mitchell")].  The incident involving [] Hall occurred in February[] 2018, and the incident with [] Mitchell occurred in April[] 2017.  Both victims worked with [Proctor] at Salisbury Behavioral Health [("Salisbury")], in Upper Moreland, Montgomery County.
>
> The incident with [] Hall occurred in the morning shortly before [Proctor] arriving [*sic*] to work.  [Proctor] entered [] Hall's

---

[1] 18 Pa.C.S.A. §§ 3126(a)(1), 3127(a), 901(a), 3126(a)(2).

office, and shut and locked the door. He proceeded to pull down his pants and expose himself to [Hall]. [Proctor] grabbed [] Hall's hand and placed it on his penis. He pulled [Hall] towards him, while kissing the side of her face. [] Hall repeatedly tried to unsuccessfully push [Proctor] away, as he continued to assault her. [Proctor] indicated to [] Hall that he would be back for more tomorrow, using vulgar language in reference to the female anatomy. The incident ended when there was a knock at the office door and [Proctor] walked away from [] Hall. [] Hall immediately went to the office of the program director and informed her of the incident. The program director called [] Hall's direct supervisor to inform her of what occurred.

A second victim, [] Mitchell, had a number of similar encounters and incidents with [Proctor] beginning in April 2017. The first incident occurred on [] Mitchell's first day as a full-time employee with Salisbury. [Proctor] approached [] Mitchell[2] from behind, rubbed himself against her, and grabbed her just above the groin area. Following that initial incident[,] there were numerous occasions where [Proctor] would make inappropriate and lewd comments when encountering [] Mitchell at work. [] Mitchell recounted an additional specific incident where [Proctor] attempted to pull his pants down and force [] Mitchell to touch him, while making inappropriate comments. These incidents were also reported within the workplace.

Upon conclusion of the three-day jury trial, [Proctor] was found guilty as to all eight (8) charges pursued at trial. A Sexually Violent Predator [("SVP")] hearing was held on October 21, 2019, the same date as [Proctor]'s sentencing. [] Kristin Dudley[, Ph.D. ("Dr. Dudley")] was certified as an expert and testified on behalf of the Pennsylvania Sexual Assessment Board as to [Proctor]'s status as a[n] [SVP]. After considering the testimony of Dr. Dudley, th[e trial] court determined that [Proctor] was[,] in fact[,] a[n] [SVP].

Subsequent to the SVP hearing, the [trial c]ourt held [Proctor]'s sentencing hearing. [Proctor] received a sentence of three (3) to twenty-three (23) months in the Montgomery County Correctional Facility, followed by five (5) years' probation.

---

[2] In its Opinion, the trial court inadvertently refers to Mitchell as Hall, though a review of the notes of testimony confirms that the events described in the trial court Opinion were experienced by Mitchell. *See* N.T., 5/9/19, at 9-11.

Pursuant to the [trial] court's determination that [Proctor] is an SVP, [Proctor] was directed to comply with the requirements mandated in the statute.[3]

[Proctor], through counsel, filed a Post-Sentence Motion on October 31, 2019. After reviewing the Post-Sentence Motion and [R]esponse by the Commonwealth, th[e trial] court denied [Proctor]'s Post-Sentence Motion by [O]rder dated January 28, 2020. On February 13, 2020, [Proctor] filed a timely [N]otice of [] [A]ppeal…. By Order dated February 14, 2020, the [trial court] directed [Proctor] to file a statement of errors complained of on appeal, pursuant to [Pa.R.A.P.] 1925(b). Th[e trial] court received [Proctor]'s [Rule] 1925(b) [Concise] [S]tatement on March 4, 2020.

Trial Court Opinion, 6/25/20, at 1-3 (some paragraphs combined; citations to record omitted; footnotes added).

Proctor raises the following issue for our review: "Was the trial court's refusal to permit [] Proctor to cross-examine his accuser about bias arising out of civil litigation related to the accusations against him reversible error?" Brief for Appellant at 2.

Proctor argues that the trial court erred in not allowing him to cross-examine Mitchell as to whether she had planned to pursue a civil suit, as it would have revealed potential bias on the part of Mitchell when testifying against Proctor. *See id.* at 8-24. Proctor asserts that the trial court's refusal to allow him to cross-examine Mitchell in this regard violated his constitutional rights to confrontation, fair trial, and due process. *Id.* at 8-14. Proctor claims that the trial court's decision to restrict him from exploring this avenue of

_____

[3] Pursuant to his designation as an SVP, Proctor was subject to lifetime registration with the Pennsylvania State Police. N.T., 10/21/19, at 70.

potential bias constituted reversible error and an abuse of discretion. ***Id.*** at 15-17. Finally, Proctor asserts that such an error was not harmless, as Mitchell was one of the Commonwealth's primary witnesses, and a direct accuser. ***Id.*** at 20-22.

Our standard of review of the admissibility of evidence is well settled:

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.
>
> Relevance is the threshold for admissibility of evidence. Pennsylvania Rule of Evidence 401 provides as follows:
>
> **Rule 401. Test for Relevant Evidence**
>
> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.
>
> Pa.R.E. 401. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402.

***Commonwealth v. Tyson***, 119 A.3d 353, 357-58 (Pa. Super. 2015) (citations and quotation marks omitted).

Further, "[a] trial court has discretion to determine both the scope and permissible limits of cross-examination." *Commonwealth v. Briggs*, 12 A.3d 291, 335 (Pa. 2011). "The trial judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of discretion, or an error of law." *Id.* (quotation omitted).

Ordinarily, the scope of cross-examination of an adverse witness is limited to matters brought out on direct examination, with the exception that the trial court may permit questions outside the scope of direct examination to show bias on the part of the witness. *Commonwealth v. La*, 640 A.2d 1336, 1350 (Pa. Super. 1994). However, the trial court "cannot allow cross-examination to become a fishing expedition, where an examiner may ask questions based on a subjective hunch, or worse, based on nothing at all…." *In Interest of M.M.*, 653 A.2d 1271, 1277 (Pa. Super. 1995).

At trial, Mitchell testified on redirect examination that she had decided to testify because she felt guilty when she learned of what happened to Hall, because she had not come forward earlier regarding her own experiences with Proctor. N.T., 5/9/19, at 58-59. On re-cross examination, Proctor's counsel asked Mitchell, "You're also here because you engaged an attorney to sue Salisbury, is that correct?" *Id.* at 59. The Commonwealth immediately objected, and the trial court sustained the objection. *Id.* Proctor's counsel then asked Mitchell, "Following your termination [from Salisbury], did you engage an attorney?" and Mitchell responded, "Yes." *Id.* at 60. The

Commonwealth objected again, and the trial court sustained the objection. *Id.* Proctor's counsel asked, "And you received correspondence from that attorney regarding Salisbury?" *Id.* The Commonwealth immediately objected, and the trial court again sustained the objection. *Id.* Proctor's counsel responded that he believed the inquiry was relevant because it "goes to the motivation of the witness." *Id.* at 60-61. The trial court again sustained the Commonwealth's objection, and Proctor moved on to other areas of inquiry.

However, Proctor did not present any evidence, either at trial or in his appellate brief, that Mitchell actually pursued a civil action either against Proctor or Salisbury. *Cf. Commonwealth v. Butler*, 601 A.2d 268, 271 (Pa. 1991) (holding that the appellant should have been afforded the opportunity to cross-examine a witness, who was the defendant in a separate civil suit instituted by the appellant, with evidence of the civil suit, as the outcome of the trial could materially affect the probability of success in the civil action). Consequently, we discern no abuse of discretion by the trial court in refusing to permit Proctor to cross-examine Mitchell, where there was no indication or

evidence that Mitchell had ever filed a civil lawsuit. *See Tyson*, *supra*; *In Interest of M.M.*, *supra*.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21

_____

[4] Our review of the record reveals that at trial, Proctor did not argue that the trial court's refusal to permit cross-examination of Mitchell regarding this issue violated his rights under the United States or Pennsylvania constitutions. *See* N.T., 5/9/19, at 60-61 (wherein Proctor's counsel stated that the inquiry is relevant because it "goes to the motivation of the witness."). Accordingly, Proctor has waived this claim on appeal. *See* Pa.R.A.P. 302(a) (stating that issues not raised in the trial court are waived and cannot be raised for the first time on appeal); *see also Commonwealth v. Berryman*, 649 A.2d 961, 973 (Pa. Super. 1994) (holding that constitutional claims are waived when not properly preserved in the trial court). Further, though Proctor raised constitutional claims in his Concise Statement, inclusion of a previously-unpreserved issue in a concise statement does not cure waiver. *See Commonwealth v. Sauers*, 159 A.3d 1, 10-11 (Pa. Super. 2017) (concluding that the failure to include a confrontation claim does not cure waiver when it was included, for the first time, in the appellant's concise statement).